```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
JULIA CHAPERON, on behalf of          :
herself and all others similarly      :
situated,                             :
                                      :
                                      :    19-cv-8663 (JSR)
         Plaintiff(s),                :
                                      :
            -v-                       :    MEMORANDUM ORDER
                                      :
SONTAG & HYMAN, P.C. and JOHN DOES    :
1-25,                                 :
                                      :
         Defendant(s).                :
------------------------------------ x
```

JED S. RAKOFF, U.S.D.J.

On September 18, 2019, plaintiff Julia Chaperon commenced this action on behalf of herself and all others similarly situated against Sontag & Hyman, P.C. ("Sontag"), alleging that a debt collection letter Chaperon received from Sontag violated the Fair Debt Collection Practices Act ("FDCPA"). ECF No. 1. Now before the Court is Sontag's motion to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). ECF No. 11. For the reasons set forth below, the Court grants the motion and dismisses the complaint with prejudice.

## Background

The following allegations are taken from the complaint and are assumed true for the purposes of assessing the motion to dismiss the complaint:

Prior to August 20, 2019, Chaperon incurred certain financial obligations, related to her rent payments, to Harlem Valley HDFC. Complaint, ECF No. 1 ("Complaint") ¶¶ 15-19. Prior to August 20, 2019, Chaperon fell into arrears on her payments, and her debt was subsequently assigned to Sontag for collection purposes. Id. ¶¶ 8-9, 20-23. On or about August 20, 2019, Sontag caused to be delivered to Chaperon a letter, which stated[1]:

> The firm has been retained to collect a debt consisting of rent arrears totaling $12,209.26. Any information obtained will be used for that purpose. The below named creditor claims that you owe rent arrears as specified. <u>You have 30 days from receipt of this notice to dispute the debt</u>. If you fail to do so, we will assume the debt to be valid. If you timely notify us, in writing, that you do dispute the debt, we will obtain verification of the debt and mail same to you.

Letter dated August 20, 2019, ECF No. 1, Ex. A ("Letter") (emphasis added); Complaint ¶¶ 26, 34. Chaperon disputes that she is $12,209.26 in arrears. Complaint ¶ 32.

Chaperon claims that the Letter, by stating "You have 30 days from receipt of this notice to dispute the debt" and omitting the words "or any portion thereof," violates 15 U.S.C. § 1692g(a)(3)[2] by failing to provide a notice that: (1) Chaperon

---

[1] Sontag has allegedly sent similar letters to at least forty individuals in New York County between September 16, 2018 and September 18, 2019. Complaint ¶ 36.

[2] 15 U.S.C. § 1692g(a) states:

2

has the right to dispute any portion of the alleged debt; and (2) should Chaperon dispute only a portion of the debt, the creditor cannot assume the debt to be valid. Id. ¶¶ 45-47.

Chaperon claims that the Letter also violates 15 U.S.C. § 1692e(10),³ because the least sophisticated consumer, upon reading the Letter, would be confused in two respects: (1) whether he or she could dispute only a portion of the $12,209.26 or must dispute the entire amount and (2) whether disputing only a portion of the debt would prevent the debt collector from assuming the validity of the entire debt or only a portion of the debt. Id. ¶¶ 48-49, 51-54.

Now before the Court is Sontag's motion to dismiss the complaint. ECF No. 11; Memorandum of Law in Support of the Motion by Defendant Sontag & Hyman, P.C. to Dismiss the

---

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing — . . . (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, <u>or any portion thereof</u>, the debt will be assumed to be valid by the debt collector . . . .

(emphasis added).

³ 15 U.S.C. § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

3

Complaint, ECF No. 13; Reply Memorandum of Law in Further Support of Defendant Sontag & Hyman, P.C.'s Motion to Dismiss, ECF No. 16. Chaperon opposes. Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 15 ("Plaintiff Opp."); Plaintiff's Surreply in Opposition to Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 17.

## Analysis

In order to survive a motion to dismiss, a plaintiff must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).[4] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. When adjudicating a motion to dismiss, the Court "accept[s] all factual allegations in the complaint and draw[s] all reasonable inferences in the plaintiff's favor." ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

In this Circuit, the question of whether a correspondence complies with the FDCPA is determined from the perspective of the "least sophisticated consumer." Clomon v. Jackson, 988 F.2d

---

[4] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

4

1314, 1318 (2d Cir. 1993). A letter is deemed deceptive when it can reasonably be read to have two or more different meanings, one of which is inaccurate. See Foti v. NCO Financial Systems, Inc., 424 F. Supp. 643, 660 (S.D.N.Y. 2006). "But in applying this standard, we bear in mind the Act's dual purpose: in addition to protecting consumers against deceptive debt collection practices, the objective test we apply protects debt collectors from unreasonable constructions of their communications. Accordingly, the FDCPA does not aid plaintiffs whose claims are based on bizarre or idiosyncratic interpretations of collection notices." Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008).

## I. Alleged Violation of 15 U.S.C. § 1692g(a)

While Sontag might have been well advised to include the words "or any portion thereof" in its letter, even the least sophisticated consumer would understand that if she believed she did not owe the full amount claimed, she was disputing the debt. In other words, the Letter at issue could not reasonably be read by even the least sophisticated consumer as suggesting that she could not dispute the debt in any amount less than $12,209.26.

This interpretation is supported by the Sixth Circuit's decision in Smith v. Transworld Systems, Inc., 953 F.2d 1025 (6th Cir. 1992). The underlying letter there stated, in relevant parts: "All portions of this claim shall be assumed valid unless

5

disputed within thirty days of receiving this notice."[5] Id. at 1028. The Sixth Circuit held that this language, although it did not specifically state that "a portion" of the debt might be contested, "clearly satisfie[d]" § 1692g(a)(3), because "it is implicit that the claim can be wholly, or partially, challenged" under the least sophisticated consumer standard. Id. at 1028-29. Furthermore, in Clomon v. Jackson, the Second Circuit, although not facing the same issue in front of this Court or the Sixth Circuit in Smith, fully endorsed the holding in Smith:

> Indeed, courts have consistently applied the least-sophisticated-consumer standard in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices. One court has held, for example, that collection notices are not deceptive simply because certain essential information is conveyed implicitly rather than explicitly. See Transworld Systems, 953 F.2d at 1028-29 (collection notice that does not expressly inform debtors of right to contest portion of debt is not misleading, because that right is "implicit" in right to challenge entire debt).

988 F.2d at 1319.

During the oral argument held on December 13, 2019, Chaperon, for the first time, argued that there must be a reason

---

[5] Chaperon argues that Smith is distinguishable from the current case, because the language of the underlying letter there is distinguishable from here. However, the Court does not see any meaningful difference between the language here and the language there: they inform the consumers of their rights to dispute, respectively, "the debt" or "[a]ll portions of this claim," both of which equally imply that consumers can contest a portion of such debt.

6

why Congress specifically put the word "any portion thereof" in 15 U.S.C. § 1692g(a)(3) at issue, as well as in 15 U.S.C. § 1692g(a)(4), 1692g(b). See Transcript, December 13, 2019. However, the precise wording of the statutory provision at issue does not alter the Court's conclusion, for two reasons. First, the FDCPA does not require that collection notices verbatim use the exact language set forth in the statute. See Emanuel v. Am. Credit Exch., 870 F.2d 805, 808 (2d Cir. 1989). Second, as the Letter at issue cannot be reasonably construed by the least sophisticated consumer as implying that he or she has no right to contest only a portion of his or her debt, the Letter, although missing the word "or any portion thereof," is not contrary to the congressional intent.

**II. Alleged Violation of 15 U.S.C. § 1692e**

The claim regarding violation of 15 U.S.C. § 1692e must also be dismissed for the same reason as above: a consumer's right to dispute "any portion" of the debt is implied in the Letter and Chaperon's alternative reading is unreasonable even under the least sophisticated consumer standard.

### Conclusion

For the reasons set forth above, the Clerk of the Court is directed to enter final judgment dismissing the complaint with prejudice, and to close the entry at docket number 11.

SO ORDERED.

Dated: New York, NY

December 16, 2019

JED S. RAKOFF, U.S.D.J.